■ DONALD SHAFFER et al., Appellants, v MARION ROFFER Individually and as Administratrix of the Estate of MONROE

Roffer, Deceased, Respondent. [735 NYS2d 749] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about October 16, 2000, which, in a fraudulent conveyance action, denied as academic plaintiffs' motion to restrain defendant from transferring assets in her possession, and granted defendant's cross motion to dismiss the complaint as barred by res judicata, unanimously affirmed, without costs.

The IAS court correctly held that the instant action is barred by the settlement of the bankruptcy Trustee's fraudulent conveyance claim in the bankruptcy proceeding (see generally, Sanders Confectionery Prods. v Heller Fin., 973 F2d 474, 480-481, cert denied 506 US 1079). We reject plaintiffs' argument that to the extent their claim was not satisfied by such settlement, they are not bound thereby, because their interests became adverse to the Trustee's when the Bankruptcy Court subsequently found their claim to be nondischargeable and gave them leave to pursue it outside of the bankruptcy proceeding. As the IAS court found, plaintiffs "had an opportunity to object to the terms of the settlement and to raise the potential nondischargeability of their claim," but instead fully participated in and sought the Bankruptcy Court's approval of the settlement (see, In re Medomak Canning, 922 F2d 895, 902-903). We have considered and rejected plaintiffs' other contentions. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.